UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81296-CIV-MARRA/JOHNSON

JEFFREY J. GOMBOS,

Plaintiff,

vs.

CENTRAL MORTGAGE COMPANY,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Dismiss (DE 10). Plaintiff filed a response (DE 13). No reply memorandum was filed. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

Plaintiff Jeffrey J. Gombos ("Plaintiff"), who is proceeding pro se, filed a Petition against Defendant Central Mortgage Company ("Defendant") that pertains to a loan agreement for refinancing a primary residence. (DE 1.) The Petition brings six causes of action: (1) breach of fiduciary duty; (2) negligence/negligence per se; (3) agent: common law fraud; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of truth in lending act and (6) intentional infliction of emotional distress.

Defendant moves to dismiss the Petition for failure to state a claim or, in the alternative, for a more definite statement and to strike redundant, immaterial, impertinent and scandalous allegations. Specifically, Defendant asserts that the entire Petition is a shotgun pleading and claims that the breach of fiduciary duty count is not properly pled.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  If a pleading "fails to specify the allegations in a manner that provides sufficient notice" or does not contain enough information to

allow a responsive pleading to be framed, the proper motion to be filed is a motion for a more definite statement. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Sisk v. Texas Parks & Wildlife Dep't, 644 F.2d 1056, 1059 (5th Cir. 1981).[1] The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail. Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993).

      Courts typically grant motions under Rule 12(e) for "shotgun" pleadings, in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Bd. of Tr. of Cent. Florida Cmty Coll., 77 F.3d 364, 366 (11th Cir. 1996). Plaintiff has the burden to provide defendant with a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). As explained by another court, "[t]he claim of the plaintiff in his complaint is sufficiently definite to enable the defendant to know with what it is charged, and it is reasonably able therefrom to respond whether it did the thing charged." Dennis v. Begley Drug Co. of Tennessee, Inc., 53 F.R.D. 608, 609 (E.D. Tenn. 1971). However, a pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it. Such detail should not be left to discovery, for the "purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." Stoner v. Walsh, 772 F. Supp. 790, 800 (S.D.N.Y. 1991).

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

III.  Discussion

After careful review of the Petition, the Court concludes that it is a "shotgun" pleading and must be re-pled. See Anderson, 77 F.3d at 366. It is not a "short and plain statement of the claims" as mandated by Rule 8 of the Federal Rules of Civil Procedure. Nor does it comply with Rule 10(b) which instructs parties to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . ." Fed. R. Civ. P. 10(b).  In Anderson, the Court, concerned with the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

Id. at 366-67; see Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996).

Plaintiff's Petition is 25 pages long, with 692 lines of text, and no numbered paragraphs. Instead of specific factual allegations to support the legal claims pled, much of the Petition is a rambling diatribe against the mortgage industry.  With respect to Defendant's role, the Petition alleges both that Defendant was a party to a contract with Plaintiff (Petition at 1) and was not a party to a contract with Plaintiff (Petition at 6).  The pleading is also confusing because specific facts are not related in any way to specific counts.  Hence, Plaintiff is directed to plead each legal claim in a separate count with special attention paid to each element of each count. Each count must state with specificity both the factual and legal basis for the claim it sets forth.  Moreover, Plaintiff must clearly define the legal relationship between Plaintiff and Defendant and the alleged wrongful acts committed by this Defendant, and not the mortgage industry as a whole. Related to that point, Plaintiff should steer clear of ad hominem attacks on Defendant, and focus

instead on the acts taken by Defendant that allegedly caused Plaintiff harm.

Defendant also moves to dismiss the breach of fiduciary duty claim and complains that the Petition does not identify Defendant's role or actions and does not state a basis for a fiduciary duty. Moreover, Defendant points out that this claim fails to identify any facts constituting a breach of any duty. (Mot. at 3-4.)   Although the Court is optimistic that by remedying the entire pleading, Plaintiff will address these deficiencies, the Court will discuss these issues raised by Defendant.

The breach of fiduciary duty claim states that "Defendants Agent, appraiser, trustee, Lender et al, and each of them owed Petitioner a fiduciary duty of care with respect to the mortgage loan transactions and related title activities involving the Trust Property." (Petition at 20.)  Plaintiff has only named one Defendant in this action, yet this portion of the Petition references other unnamed Defendants.  The Petition also does not identify what loan transactions or related title activities are at issue or identify the "Trust Property."  With respect to the "breach," the Petition states that "Defendants breached their duties to Petitioner by, *inter alia*, the conduct described above.[2]  Such breaches included, but were not limited to ensuring their own and Petitioner's compliance with all applicable laws. . . . ."[3] (Petition at 20.)   While Plaintiff ought to amend this claim to clarify the party against which it brings the claim and for what specific acts, the Court believes it would also be useful for Plaintiff to recognize that "[g]enerally, the relationship between a bank and its borrower is that of creditor to debtor, in

---

[2] By stating "*inter alia*," Plaintiff is impermissibly incorporating by reference every fact which proceeds it.

[3] The Court is perplexed how compliance with "all applicable laws" could constitute a breach of fiduciary duty.

which parties engage in arms-length transactions, and the bank owes no fiduciary responsibilities." First National Bank and Trust Co. of the Treasurer Coast v. Pack, 789 So. 2d 411, 414 (Fla. Dist. Ct. App. 2001).  In sum,  Plaintiff has failed to plead a fiduciary relationship and Defendant is correct that dismissal is warranted on this basis.[4]   Plaintiff is, however, granted leave to amend this claim.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 10) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is granted leave to amend the Complaint, consistent with the directives in this Order, no later than March 21, 2011.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of March, 2011.

_____
KENNETH A. MARRA
United States District Judge

---

[4] Defendant states that the remaining causes of action are "no better than those discussed above" and that it will not "waste the Court's valuable time addressing the myriad flaws" of the Petition. (Mot. at 5.)  Given that the Court has determined that the pleading is a shotgun pleading and Plaintiff will be granted leave to amend, it is not necessary to examine whether Plaintiff has stated other claims for relief that are plausible on their face.  That stated, should Defendant decide in the future to move to dismiss for failure to state a claim, it must provide legal argument, supported by caselaw, in support of its contentions.